# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1397-19

E.K.M.,

    Plaintiff-Respondent,

v.

T.G.,

    Defendant-Appellant.

_____

Submitted May 18, 2021 – Decided June 3, 2021

Before Judges Fisher and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FV-13-1736-19.

Ansell, Grimm & Aaron, PC, attorneys for appellant (Mitchell J. Ansell, on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant T.G. (Todd, a fictitious name) appeals a final restraining order (FRO) issued against him in an action brought by plaintiff E.K.M. (Elizabeth, also a fictitious name) under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. Todd argues there was insufficient evidence to support a finding of either harassment or assault – the predicate acts Elizabeth alleged – and insufficient evidence to support a finding that the FRO was needed to ensure Elizabeth's future protection. In deferring to the judge's findings, which are supported by testimony he found credible, Cesare v. Cesare, 154 N.J. 394, 413 (1998), we affirm.

The evidence revealed that the parties were involved in an extramarital affair that soured. A physical altercation prompted Elizabeth to seek relief; she alleged Todd "press[ed] his forehead hard against [her] face and forehead and [grabbed] both of her arms, jerk[ed] her body back and forth while spitting and screaming in her face." At the conclusion of a plenary hearing, the judge rendered his factual findings. He determined Elizabeth was the more credible witness and concluded that Todd assaulted, N.J.S.A. 2C:12-1, and harassed, N.J.S.A. 2C:33-4, her. Finding, also, a need to protect Elizabeth from future domestic violence, the judge entered a FRO.

In appealing the FRO, Todd argues:

I. THERE WAS INSUFFICENT EVIDENCE TO SUPPORT PREDICATE ACTS OF HARASSMENT AND ASSAULT.

II. THE LOWER COURT ERRED IN DETERMINING AN FRO WAS NECESSARY TO PROTECT THE PLAINTIFF AGAINST FUTURE THREATS OR ACTS OF DOMESTIC VIOLENCE.

We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), adding only the following few comments.

The entry of a FRO under the Act requires findings that: (1) the parties' relationship falls within the Act's scope; (2) the defendant committed a predicate act; and (3) the plaintiff is in need of a FRO for protection against future domestic violence. Silver v. Silver, 387 N.J. Super. 112, 125-127 (App. Div. 2006). There being no dispute the parties' relationship was covered by the Act, Todd's arguments focus on the evidence offered in support of the alleged predicate acts and the need for a FRO.

After a three-day hearing at which both parties testified extensively, the trial judge found that Todd committed an assault by "grabb[ing Elizabeth] about the neck, . . . grabb[ing her] by the arm . . . shak[ing her]," and "h[o]ld[ing] [her] down." He also found evidence that Todd intended to and did harass Elizabeth because she had "jilted" him. These factual determinations, emanating from the

3

judge's finding that Elizabeth was more credible than Todd, are entitled to our deference.

Todd's remaining argument is that the judge erred by finding the FRO was necessary to prevent future harm to Elizabeth. We reject this as well. When the predicate act is an offense "that inherently involves the use of physical force and violence," the need to protect against future harm "is most often perfunctory and self-evident." A.M.C. v. P.B., 447 N.J. Super. 402, 417 (App. Div. 2016) (quoting Silver, 387 N.J. Super. at 127). Notwithstanding the self-evident presence of this last element, the judge further found the "existence of immediate danger" because of Todd's "pattern and practice [] of control, harassment, and physical abuse." These findings, too, warrant our deference.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1397-19